# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LATOYA LYNETTE WILLIAMS**                    **CIVIL ACTION**

**VERSUS**

                                                          **NO. 18-1012-JWD-RLB**

**RACETRAC PETROLEUM**

## ORDER

Before the Court is Defendant's Response to Amended Complaint and Rule 12(f) Motion to Strike. (R. Doc. 25). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the instant motion is unopposed.

On November 13, 2018, Plaintiff commenced this action on a form complaint, seeking recovery under Title VII and the Americans with Disabilities Act ("ADA") against the sole defendant, RaceTrac Petroleum ("RaceTrac"). (R. Doc. 1). On November 19, 2018, Plaintiff filed an "amended" form complaint to add a claim of "retaliation" against RaceTrac. (R. Doc. 4).

The Court set a deadline for amending the pleadings on August 1, 2019. (R. Doc. 22).

On July 25, 2019, Plaintiff filed a Second "Amended Complaint" into the record without seeking leave of court. (R. Doc. 24). The pleading identifies Allison Moran, Lenny Kutz, Jonas Camacho, and Cigna Insurance Company as additional defendants. The amended pleading does not identify the claims raised against these new defendants, but states that the "amendment asserts a claim or defense that arose out of the conduct, transactions, or occurrence set out or attempted to be set out in [the] original pleading." (R. Doc. 24 at 3).

RaceTrac now seeks an order striking and/or dismissing the amended pleading "(i) for procedural reasons due to Plaintiff's failure to first obtain leave of court before filing the amended complaint; and (ii) for substantive reasons and because Plaintiff's amended complaint

is futile such that it fails to state a claim upon which relief may be granted as a matter of law." (R. Doc. 25 at 5). RaceTrac argues that amendment is futile because Allison Moran, Lenny Kutz, Jonas Camacho cannot be held individually liable under Title VII or the ADA, and Cigna Insurance Company cannot be held liable under Title VII or the ADA because it was not Plaintiff's employer during the relevant time period. (R. Doc. 25 at 4-5).

Under Rule 15, after the period for amending as a matter of course elapses, "a party may amend its pleading **only with the opposing party's written consent or the court's leave**" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff did not obtain (1) RaceTrac's written consent or (2) leave of court with respect to the amended pleading as required by the Federal Rules of Civil Procedure. Accordingly, the Court will strike Plaintiff's amended pleading on the basis that it was procedurally improper.

The Court will provide additional time for Plaintiff to file a motion for leave of court to file an amended complaint, along with a copy of the proposed complaint attached to the motion.

The Court also notes that based on the amended complaint filed (R. Doc. 24), it remains unclear what claims Plaintiff is seeking to raise against the four defendants named in the amended pleading. Any motion for leave to file a new amended complaint shall specifically address the arguments raised by RaceTrac in the instant motion.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion (R. Doc. 25) is **GRANTED** to the extent RaceTrac seeks an order striking the amended pleading from the record. The Clerk's office shall **STRIKE** Plaintiff's Second Amended Complaint (R. Doc. 24) from the record. The deadline to amend the pleadings is extended for the sole purpose of providing Plaintiff the opportunity to file a proper motion for leave to amend the pleadings on or before September 27, 2019. Any such motion shall address the arguments raised by RaceTrac in its instant motion.

Signed in Baton Rouge, Louisiana, on September 17, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**